16-1837-cv
Davis v. Brown, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand seventeen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
CHRISTINA REISS,
*Chief District Judge*.\*

------------------------------------------------------------------

COREY DAVIS,

    *Plaintiff-Appellant*,

        v.                          No. 16-1837-cv

JOY BROWN,

    *Defendant–Cross-Claimant–Appellee*,

PODS INC.,

---

\* Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

*Defendant–Cross-Defendant–Appellee*.**

-------------------------------------------------------------------

FOR APPELLANT:                    Corey Davis, *pro se*, Bradford, PA.

FOR APPELLEES:                    Marc I. Kunkin, Hill Rivkins LLP,
                                  New York, NY, *for* PODS Inc.

                                  Joy Brown, *pro se*, Hempstead, NY.

Appeal from orders of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal from the District Court's October 2015 order is DISMISSED for lack of jurisdiction, and the District Court's May 2016 order is AFFIRMED.

Corey Davis, <u>pro se</u> and incarcerated, appeals from the October 2015 order of the District Court (Feuerstein, <u>J.</u>) dismissing his complaint pursuant to the parties' stipulation and its May 2016 order denying his motion for relief pursuant to Rules 60(b)(1) and 60(b)(3) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to dismiss in part and affirm in part.

---

** The Clerk of Court is directed to amend the official caption as set forth above.

We have determined sua sponte that Davis's notice of appeal was untimely filed with respect to the October 2015 dismissal order. The timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Bowles v. Russell, 551 U.S. 205, 214 (2007). A notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A); see also 28 U.S.C. § 2107(a). The time to file a notice of appeal is tolled during the pendency of a Rule 60 motion if that motion is filed within 28 days after the judgment is entered. Fed. R. App. P. 4(a)(4)(A)(vi). But subsequent Rule 60 motions will not toll the time to appeal; only the first motion does so. Glinka v. Maytag Corp., 90 F.3d 72, 74 (2d Cir. 1996). Although Davis's first Rule 60 motion tolled the time to file a notice of appeal, the District Court denied that motion on January 14, 2016, giving Davis until Tuesday, February 16, 2016 to file his notice of appeal. See Fed. R. App. P. 26(a)(1)(C). Davis did not appeal until four months later, in June 2016. Accordingly, we lack jurisdiction to review the October 2015 order.

Davis also appeals the District Court's May 2016 order, arguing that he was entitled to relief pursuant to Rule 60(b)(6) because the District Court did not have the authority to modify the stipulation and proposed order before dismissing the

3

action.   Even assuming that Davis has not forfeited this argument about the District Court's lack of authority, see McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017), the District Court did not abuse its discretion in dismissing the case without retaining jurisdiction over the settlement agreement because, as Davis's own submission to the District Court made clear, retention of jurisdiction was not a condition of the parties' settlement agreement, and Rule 4l(a)(l)(ii) of the Federal Rules of Civil Procedure does not enable parties to obligate a court to retain such jurisdiction.

As a result, the District Court properly declined to exercise ancillary jurisdiction over enforcement of the settlement agreement.   See Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015).   Federal courts are courts of limited jurisdiction that do not automatically retain jurisdiction over the enforcement of settlement agreements.   Id.   To retain ancillary jurisdiction over the enforcement of a settlement agreement, the District Court's order of dismissal must either expressly retain jurisdiction or incorporate the terms of the settlement agreement.   Id.   Here, the District Court's dismissal order explicitly did not retain jurisdiction or incorporate the terms of the settlement agreement.

We have considered Davis's remaining arguments and conclude that they are without merit.    Accordingly, we DISMISS the appeal from the District Court's October 2015 order and AFFIRM the District Court's May 2016 order denying Rule 60 relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
